UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SAYAH**, *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**CAPSTONE LOGISTICS, LLC**,<br><br>*Defendant.* | Civil Case No.:<br><br>COMPLAINT—CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff, James Sayah ("Plaintiff"), on behalf of himself and other similarly situated individuals, by and through the undersigned counsel, brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Defendant Capstone Logistics, LLC ("Defendant" or "Capstone"), and avers as follows:

NATURE OF ACTION

1. This is a Class Action Complaint brought to obtain declaratory, injunctive, and monetary relief resulting from Defendant's miscalculation of overtime pay in violation of Pennsylvania's Minimum Wage Act.

2. Defendant is a logistics company that offers warehouse management services for third parties. Defendant operates in many locations nationwide, including in the Commonwealth of Pennsylvania.

3. Plaintiff is an employee of Defendant who works in the Commonwealth of Pennsylvania and was harmed by Defendant's unlawful calculation and corresponding underpayment of overtime pay. Plaintiff alleges that Defendant's "Production Pay Model" uses a "fluctuating workweek" (FWW) method that violates the Pennsylvania Minimum Wage Act.

4. Plaintiff brings his state statutory claim on behalf of a proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed class consists of all warehouse workers employed by Defendant whose overtime pay was calculated in accordance with the Production Pay Model at any time in the three years prior to the filing of this Complaint.

**PARTIES**

5. Plaintiff James Sayah is a natural person residing in the Commonwealth of Pennsylvania.

6. Defendant Capstone Logistics, LLC is Delaware limited liability company with its primary place of business in Peachtree Corners, Georgia. Defendant's sole member is Capstone Logistics Holdings, Inc., a Delaware corporation with its primary place of business in Peachtree Corners, Georgia. Defendant operates over 600 sites nationwide, and its business includes warehouse management services.

## JURISDICTION AND VENUE

7. This Court has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff is not a citizen of Delaware or Georgia, the states where Defendant is a citizen.

8. This Court may exercise personal jurisdiction over the Defendant because its violations of the Pennsylvania Minimum Wage Act (PMWA) arise out of its business transactions in this Commonwealth; arise out of its contracts to supply services or things in this Commonwealth; causing harm in this Commonwealth through its acts or omissions in this Commonwealth; and/or violations of the PMWA in this Commonwealth.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## FACTUAL BASIS

10. Defendant employed Plaintiff as a warehouse laborer at a warehouse located in Carlisle, Pennsylvania.

11. Plaintiff's main job duties were breaking down pallets and moving goods throughout the warehouse.

12. Plaintiff worked at a Pennsylvania job site until he was terminated by Defendant on February 5, 2024.

## *Defendant's Production Pay Model*

13. Defendant pays its warehouse employees according to its "Production Pay Model."

14. Under its Production Pay Model, Defendant pays its employees by the load.

15. Defendant determines a "Gross Load Revenue" for each load, based on the amount that it charges to its customer.

16. Defendant then subtracts a "Rebate" from that "Gross Load Revenue" to determine its "Net Load Revenue" for that load.

17. For each load the employee processes, the employee is paid a fixed "Production Pay Percentage" out of the "Net Load Revenue."

18. When applying Production Pay Percentage to Net Load Revenue, Defendant calls the resulting amount "Production Pay."

19. When an employee under the Production Pay Model works more than 40 hours in a workweek, the Production Pay Model uses the following method.

20. The employee's "Production Pay" for the week is divided by their hours worked that week, to yield a "Regular Rate." For hours worked over 40 hours, Defendant applies an "Overtime Premium" equal to 0.5 times the Regular Rate.

21. Defendant circulated a flyer among its employees explaining the Production Pay Model that included the following example of how overtime pay is calculated:

> **Example**: Associate makes $500 in production pay and works 50 hours
> - $500/50 hrs = Regular Rate of $10/hr (This is the **1** in the **1.5** referenced above)
> - $10/hr X 0.5 = Overtime Premium of $5/hr (This is the **.5** in the **1.5** referenced above and is the premium for 10 hrs OT)
> - Final equation is (50 hrs X Regular Rate of $10/hr) + (10 hrs X Overtime Premium of $5/hr) = $550 Gross Pay

22. The Production Pay Model uses a "fluctuating workweek" (FWW) method to calculate employees' overtime pay.

23. Under that method as developed under the federal Fair Labor Standards Act (FLSA), an employer determines its employee's average hourly rate, then pays 0.5 that average hourly rate for time over 40 hours.

24. In specified circumstances, Pennsylvania law forbids use of FWW to calculate overtime pay.

25. If the employer has an agreement or understanding as to the basic rate of pay, then for hours worked over 40, the employer must pay 1.5 times the basic rate.

26. If the employee is paid on a piece-rate basis, then for hours worked over 40, the employer must pay 1.5 times the piece-rate. *See* 34 Pa. Code § 231.43.

### *Defendant Applied its Production Pay Model to Plaintiff*

27. Defendant paid Plaintiff under its Production Pay Model.

28. When Plaintiff worked more than 40 hours in a workweek, Defendant applied its Production Pay Model method for paying overtime, calculating a Regular Rate and then applying the Overtime Premium for hours worked over 40.

29. Applying the Production Pay Model, Defendant improperly paid Plaintiff using FWW.

30. When Plaintiff's hours exceeded 40 in a workweek, Defendant calculated an average hourly rate and paid 0.5 that rate, instead of paying 1.5 times the regular piece-rate.

31. When Defendant used the Production Pay Model, Plaintiff received less overtime pay than he is entitled to under Pennsylvania law.

32. Defendant applied the Production Pay Model to Plaintiff on one or more occasions, including workweeks on or around September 10, 2023.

33. When Defendant failed to pay Plaintiff the full measure of overtime required under Pennsylvania law, Plaintiff suffered loss.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following proposed class ("Class"):

> For the period starting three years before the filing of this lawsuit through the date a class is certified, all warehouse workers for Defendant in the Commonwealth of Pennsylvania whose overtime pay was calculated using the Production Pay Model.

The Class shall not include the Defendant, the Judge(s) assigned to this case, or any of the Judge(s)' family members. Plaintiff reserves the right to redefine the Class as necessary in light of further investigation and discovery.

35. The members of the Class are so numerous that joinder of all members is impractical.

36. The actual number of Class members is not precisely known but is anticipated to be no fewer than 40 members.

37. Defendant has information that makes it feasible to determine the actual number of Class members.

38. This lawsuit presents questions of law and fact common to the Class and these questions predominate over questions affecting only individual Class members.

39. These questions include, but are not limited to, how Defendant created and implemented the Production Pay Model and whether the Production Pay Model violates Pennsylvania overtime regulations.

40. Plaintiff's claims are typical of the claims of the member of the Class.

41. Like other Class members, Plaintiff was a warehouse worker for Defendant in the Commonwealth of Pennsylvania, and he suffered loss due to Defendant's use of the Production Pay Model.

42. Defendant engaged in wrongdoing that affected Plaintiff and other Class members in similar ways.

43. Plaintiff will fairly and adequately represent the Class and has retained counsel experienced and competent in the prosecution of overtime and class action litigation, with adequate financial resources to assure the interests of the class.

44. Plaintiff has no interests antagonistic to those of other members of the Class.

45. Plaintiff is committed to the vigorous prosecution of this action and anticipates no difficulty in the management of this litigation as a class action.

46. A class action is a fair and efficient method for adjudicating the parties' controversy.

47. If Class members proceed individually, such litigation will be inefficient and risks inconsistent judgments that impose varying standards of conduct.

48. In addition, a class action can supply relief to Class members more efficiently and with lower costs than through individual claims.

49. Plaintiff seeks certification of a class action for monetary recovery under Rule 23(b)(3). In addition or in the alternative, Plaintiff seeks equitable or declaratory relief under Rule 23(b)(2).

# FIRST CAUSE OF ACTION
## Violation of the Pennsylvania Minimum Wage Act, Failure to Pay Overtime
## 43 Pa. Stat. § 333.101 et seq.
## individually and on behalf of the Class

50. Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint as is fully set forth herein.

51. The PMWA provides that, if an employer pays its employees less than minimum wage, then the employee may bring civil action for the unpaid wages, plus costs and reasonable attorney fees as allowed by the court. 43 Pa. Stat. § 333.113.

52. The PMWA further provides that it is a minimum wage violation for an employer to pay overtime "not less than one and one-half times the employee's regular rate" as prescribed in regulations promulgated by the Pennsylvania Secretary of Labor and Industry. 43 Pa. Stat. § 333.104(c).

53. Such overtime regulations govern employees' hours worked in excess of 40 hours in a workweek. *See id.*

54. Under overtime regulations promulgated by the Secretary, an employee shall be paid overtime "not less than 1-1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek." 34 Pa. Code § 231.41.

55. Those regulations further provide in relevant part,

> No employer may be deemed to have violated [the Secretary's overtime violations] … if, under an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by

> the employee in the workweek in excess of the maximum workweek applicable to the employer under § 231.41:
>
> (1) In the case of an employee employed at piece rates, is computed at piece rates not less than 1 1/2 times the bona fide piece rates applicable to the same work when performed during nonovertime hours….
>
> (3) Is computed at a rate not less than 1 1/2 times the rate established by the agreement or understanding as the basic rate to be used in computing overtime compensation thereunder…

56. When it applied the Production Pay Model, Defendant failed to pay Plaintiff and other Class members at least 1.5 times their regular rate of pay for hours worked over 40.

57. Plaintiff and other Class members were paid at piece rates within the scope of 34 Pa. Code § 231.43(d)(1).

58. When calculating overtime for those employees, Defendant wrongfully applied the FWW under its Production Pay Model, and accordingly failed to pay piece rates not less than 1 1/2 times bona fide piece rates applicable to work performed during non-overtime hours.

59. In addition or in the alternative, when calculating overtime for Plaintiff and other Class members, Defendant violated 34 Pa. Code § 231.43(d)(3) by wrongfully applying the FWW and accordingly failed to pay at a rate not less than 1 1/2 times the basic rate established under the Production Pay Model.

60. If the Production Pay Model is deemed an "agreement or understanding" within the scope of the Secretary's overtime regulations, the Production Pay Model violates § 231.43(d) and does not otherwise comply with those regulations.

61. In addition or in the alternative, because the Production Pay Model does not direct overtime constituting at least 1-1/2 times employees' regular rates of pay, the Production Pay Model violates § 231.41.

62. Because Defendant did not pay Plaintiff and Class members overtime in accordance with the Secretary's regulations, Plaintiff and Class members suffered loss Defendant's failure to pay the full measure of overtime pay required by Pennsylvania law.

63. Accordingly, Plaintiff and Class members have grounds to proceed against Defendant for violations of the PMWA.

64. Plaintiff and Class members accordingly demand judgment against Defendant for nonpayment of overtime pay, for costs and reasonable attorney fees as allowed by this Court, and for any other relief authorized by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant on all claims and requests that the Court awards the following relief:

a. An award of damages equal to all unpaid overtime wages owed Plaintiff and other Class members;

b. Costs and attorney fees;

c. Class certification under Rule 23 of the Federal Rules of Civil Procedure and appointment of the undersigned counsel as Class Counsel;

d. Pre-judgment and post-judgment interest; and

e. Any other relief this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 18, 2024

*s/Max S. Morgan*
Max S. Morgan, Esquire
(PA ID 316096)
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Shawn J. Wanta, Esquire*
Scott Moriarity, Esquire*
WANTA THOME PLC
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Tel: (612) 252-3570
Fax: (612) 252-3571
sjwanta@wantathome.com
samoriarity@wantathome.com

*ATTORNEYS FOR PLAINTIFF*
*JAMES SAYAH*

*\*pro hac vice* application forthcoming